IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohamed Ibrahim,          :
           Appellant      :
                         :
       v.              :
                         :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :   No. 611 C.D. 2024
Bureau of Motor Vehicles      :   Submitted:  December 8, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED:  January 28, 2026

Mohamed Ibrahim (Appellant) appeals from the Philadelphia County Common Pleas Court's (trial court) April 23, 2024 order denying and dismissing his appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles' (DOT) suspension of his Official Safety Inspector certification (Certification) and reinstating the suspension.  Appellant presents three issues for this Court's review: whether the trial court erred by denying Appellant's appeal and reinstating the suspension: (1) where the evidence established that Appellant's due process rights were violated when DOT gave him an inadequate notice of sanctions (Notice) that failed to cite the legal authority for any alleged violation; (2) where the evidence established that Appellant's due process rights were violated when he was suspended without a prompt, pre-deprivation hearing; and (3) where DOT failed to meet its burden or, alternatively, Appellant provided

sufficient rebuttal evidence to establish the alleged claims of failure to inspect and fraudulent recordkeeping. After review, this Court reverses.

On September 7, 2022, DOT issued Appellant both a verbal and hand-delivered Notice immediately suspending his Certification pursuant to Section 4724 of the Vehicle Code[1] for, *inter alia*, issuing inspection stickers for three vehicles without performing an enhanced inspection, outside the inspection area, in 52 minutes. On September 13, 2022, DOT mailed another Notice to Appellant notifying him of the September 7, 2022 suspension. Therein, DOT notified Appellant that he was prohibited from conducting inspections and issuing inspection stickers during a 32-month suspension pursuant to Section 175.51 of DOT's Regulations.[2]

Specifically, the September 13, 2022 Notice provided, in relevant part:

You are hereby notified that your [Certification] was verbally suspended September 7, 2022[,] pursuant to Section 4726 of the Vehicle Code. No vehicle safety inspections may be performed during the suspension. Pursuant to [Section 175.51(a) of DOT's Regulations], your [Certification] will be suspended for twelve (12) months for furnish[ing], lend[ing], giv[ing], sell[ing,] or receiv[ing] a certificate of inspection without inspection, twelve (12) months for fraudulent record keeping, including the lesser offenses of improper record keeping and careless record keeping, two (2) months for improperly assigning certificate of inspection, four (4) months for inspecting more than three motorcycles or two other vehicles per hour, and two (2) months for failure to verify registration, title, manufacturer's statement of origin, financial responsibility information, or inspecting a vehicle with an expired registration or when valid proof of financial responsibility has not been submitted.

The above violation(s) relate(s) to conduct that occurred on September 7, 2022, at Commission Auto LLC-01S#

---

[1] 75 Pa.C.S. § 4724. This section authorizes DOT to suspend certificates of appointment.
[2] 67 Pa. Code § 175.51(a).

AI17.  The violations include, but are not limited to, issued inspection stickers to the following vehicles without performing an enhanced inspection, outside the inspection area, in [52] minutes: 2017 Chevrolet SDN VIN-1G11Z5SA2HU132302 sticker AI209052195, 2018 Honda SDN VIN-SHHFK7H59JU201555 sticker AI209052197, 2013 Honda SDN VIN-1HGCR2F36OA037216 sticker AI209052196. [Appellant] failed to properly verify ownership by using copies of titles.

**During the period of suspension**, **you are prohibited from conducting inspections and issuing inspection stickers**.  **Credit for your suspension term began when your license was surrendered to the Quality Assurance Officer on T[o] B[e] D[etermined]**.

The suspension(s) is to run consecutively for a total suspension of **thirty-two (32) months**.  This suspension is to run consecutively with any other suspension(s) imposed by [DOT] for any violation considered separately.  **THE SUSPENSION COMMENCED ON** September 7, 2022.

Reproduced Record (R.R.) at 12a (emphasis in original).

On October 10, 2022, Appellant appealed from the September 13, 2022 Notice to the trial court.  The trial court conducted a non-jury trial on April 23, 2024, and that same day denied and dismissed Appellant's appeal and reinstated the suspension.  On May 13, 2024, Appellant timely appealed to this Court.[3]  On May 14, 2024, the trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).  On May 17, 2024, Appellant timely filed his Rule 1925(b) Statement.  On July 23, 2024, the trial court filed its opinion.

---

[3] This Court's "review in an inspection certificate suspension case 'is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by substantial evidence.'"  *Perez-Diaz v. Dep't of Transp., Bureau of Motor Vehicles*, 298 A.3d 484, 490 n.2 (Pa. Cmwlth. 2023) (quoting *Fiore Auto Serv. v. Dep't of Transp., Bureau of Motor Vehicles*, 735 A.2d 734, 736 n.8 (Pa. Cmwlth. 1998)).

Appellant first argues that the trial court erred by denying Appellant's appeal and reinstating the suspension where the evidence established that Appellant's due process rights were violated when DOT gave him a Notice that failed to cite the legal authority for any alleged violation.

This Court has recently addressed this argument in *Rockland Collision Center, Inc. v. Department of Transportation, Bureau of Motor Vehicles*, ___ A.3d ___ (Pa. Cmwlth. No. 608 C.D. 2024, filed Dec. 19, 2025), and *Manna v. Department of Transportation, Bureau of Motor Vehicles* (Pa. Cmwlth. Nos. 785, 786 C.D. 2022, filed Oct. 22, 2024).[4]

In *Rockland Collision Center*, this Court explained:

Generally, due process demands that "[t]he government cannot revoke a benefit or privilege it has granted unless it affords the affected person notice and an opportunity to be heard." *Ganoe v. Dep't of Transp., Bureau of Driver Licensing*, 247 A.3d 91, 95 (Pa. Cmwlth. 2021) (citing *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970)). Regarding notice of an inspection station's alleged violations, this Court recently explained that "**due process requires citation to the statutory or regulatory provisions that were allegedly violated**." *Manna . . .*, slip op. at 13 (citation omitted).

. . . . [This Court] in *Manna* affirmed the trial court's determination [that DOT] violated the inspection station's due process rights by only citing the penalty provisions in [DOT's R]egulations and not citing any substantive [R]egulation or [Vehicle] Code provisions which the inspection station may have violated. *Id*. at 14. Specifically, the trial court determined [DOT's] failure to cite substantive provisions required the trial court "to speculate as to what provisions [the inspection station] violated, which the trial court found impermissible." *Id*.

---

[4] This Court may cite unreported memorandum opinions of this Court issued on or after January 15, 2008, for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Manna* is cited for its persuasive value.

at 10. Concluding [DOT's] failure violated the inspection station's due process rights, [this Court] in *Manna* affirmed the trial court's order sustaining the inspection station's appeal and rescinding [DOT's] suspension of the inspection station's certificates.

*Rockland Collision Ctr.*, ___ A.3d at ___, slip op. at 9-11 (emphasis added). Consequently, because the notice in *Rockland Collision Center* also did not include any substantive Vehicle Code or Regulation provisions, the *Rockland Collision Center* Court held: "[L]ike in *Manna*, [**DOT's**] **failure to cite substantive [Vehicle] Code or [R]egulation provisions violated [the i]nspection [s]tation's due process rights**." *Rockland Collision Ctr.*, ___ A.3d at ___, slip op. at 12 (emphasis added).

Similarly, here, in the September 13, 2022 Notice, DOT only cited Section 4724 of the Vehicle Code and the penalty provision in Section 175.51(a) of DOT's Regulations, not the specific substantive provisions Appellant purportedly violated. Section 175.51(a) of DOT's Regulations does not list elements of offenses or identify where in the Vehicle Code or DOT's Regulations the substantive requirements exist. In addition, the September 13, 2022 Notice did not apprise Appellant of that information. Accordingly, the trial court erred by determining that DOT's failure to cite substantive Vehicle Code or Regulation provisions did not violate Appellant's due process rights.[5]

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[5] Because of this Court's disposition of Appellant's first issue, it does not reach Appellant's remaining issues.

Mohamed Ibrahim, :
         Appellant :
  :
        v. :
  :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 611 C.D. 2024
Bureau of Motor Vehicles :

### O R D E R

AND NOW, this 28th day of January, 2026, the Philadelphia County Common Pleas Court's April 23, 2024 order is reversed.

_____
ANNE E. COVEY, Judge